IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| SKYMONT FARMS, DUSTY WANAMAKER, ANTHONY WANAMAKER AND CATRENIA WANAMAKER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No: 4:09-cv-00077 JURY DEMANDED |
| SUZANNE NORTH, INDIVIDUALLY; CINDY ANDERSON, INDIVIDUALLY; RICHARD MACKIE, INDIVIDUALLY; SUZANNE NORTH DBA SUMMITVILLE CROP INSURANCE AGENCY; CINDY ANDERSON DBA SUMMITVILLE CROP INSURANCE AGENCY; RICHARD MACKIE DBA SUMMITVILLE CROP INSURANCE AGENCY; AND SUMMITVILLE CROP INSURANCE AGENCY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Removed from Circuit Court of Grundy County, Tennessee No. 8127 |
| Defendants. | ) | |

### DEFENDANTS', SUZANNE NORTH, CINDY ANDERSON AND SUMMITVILLE CROP INSURANCE AGENCY'S ANSWER TO PLAINTIFFS' COMPLAINT

COME NOW Defendants, SUZANNE NORTH and CINDY ANDERSON, Individually, and CINDY ANDERSON d/b/a SUMMITVILLE CROP INSURANCE AGENCY, and file their Answer to Plaintiff's Complaint and would show unto the Court as follows:

1. Defendants admit the address of Dusty Wanamaker's residency but rely on findings by the USDA regarding who was the owner and operator of Skymont Farms during the 2006 crop year.

2. Defendants admit the address of Anthony and Catrenia Wanamaker's residency but rely on findings by the USDA regarding who was the owner and operator of Skymont Farms at times prior to the 2006 crop year.

3. Defendant Suzanne North admits that she is a resident of Coffee County at the address stated in Plaintiffs' Complaint. Defendant admits that she was an insurance agent but denies she was the owner or operator of Summitville Crop Insurance Agency.

4. Admitted.

5. Defendants are without information to admit or deny the residency allegations of Richard Mackie in Paragraph 5. Defendants deny that Richard Mackie was an owner or operator of Summitville Crop Insurance.

6. Admitted.

7. Defendant Summitville Crop Insurance Agency admits it sold a policy to Dusty Wanamaker for the 2006 crop year.

8. Admitted.

9. Defendant Summitville Crop Insurance Agency admits the allegations of Paragraph 9.

10. Defendants deny they were aware of any legal transfer of ownership and rely on USDA findings concerning same. Defendants believe that Richard Mackie may have discussed possible transfer of ownership but were not provided documents evidencing same.

11. Defendants admit that they were acting as agents for people seeking crop insurance but state any decision regarding coverage was made by NAU Country Insurance Company, Risk Management Agency and/or the USDA. Defendants deny that they provided any insurance coverage for Plaintiffs.

12. Defendants admit Plaintiffs made a claim for hail damage under a 2006 policy issued by NAU Country Insurance Company, and Defendants notified NAU for processing of the claim.

13. Denied. Defendants rely on findings of NAU Country Insurance, RMA and/or the USDA regarding same.

14. Defendants admit Dusty Wanamaker made a claim under the crop insurance policy, which was turned over to NAU Country Insurance Company for handling. Defendants rely on findings of RMA and/or the USDA concerning same.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Defendants deny that Plaintiffs are entitled to damages from these Defendants. Defendants admit that some of the property on which the insurance claim is based is located in Grundy County, Tennessee.

## PRAYER

1. Defendants deny that Plaintiffs are entitled to damages from these Defendants or that they are liable jointly and severally or any damages that Plaintiffs may claim to have sustained as a result of any negligence or breach of contract. Defendants deny that they breached a contract with Plaintiff.

2. Defendants deny that they are responsible for any costs, expenses or attorney's fees in this case. Defendants request a trial by jury.

## AFFIRMATIVE DEFENSES

1. Defendants assert that Plaintiffs' claims of negligence are barred by the statute of limitations.

2. Defendants assert that Plaintiffs are comparatively at fault for failure to document transfer of ownership of Skymont Farms and show that Dusty Wanamaker complied with the requirements of the Federal Crop Insurance Act.

3. Defendants assert that any decision regarding coverage was not made by the Defendants bur rather by NAU Country Insurance Company and/or the Risk Management Agency and/or USDA, agencies responsible for administrating claims under the Federal Crop Insurance Act, whom Plaintiffs have sued for damages from the 2006 hail crop, in Civil Action 4:09-CV-00065, in the U. S. District Court for the Eastern District of Tennessee – Winchester Division.

WHEREFORE, and respectfully submitted, Defendants request that the Court dismiss all causes of action against them and for such other and further relief, legal or equitable, general or special, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**HALL, BOOTH, SMITH & SLOVER, P.C.**

By:    s/ Charles E. Moody
Charles E. Moody (BPR #011068)
Admitted Pro Hac Vice (Application for Admission pending)
The Tower
611 Commerce Street, Suite 3000
Nashville, Tennessee 37203
(615) 313-9911

*Attorneys for Defendants, Suzanne North, Cindy Anderson and Summitville Crop Insurance Agency*

# CERTIFICATE OF SERVICE

Notice has been electronically mailed, via the CM/ECF system to:

Gregory W. Callaway, Esq.
Howell & Fisher PLLC
Court Sq. Bldg.
300 James Robertson Pkwy.
Nashville, TN  37201-1107

*Attorneys for Co-Defendant, Richard Mackie*

Notice has been delivered by mailing a true and correct copy of same, postage prepaid to:

| | |
|---|---|
| Ira S. Kilburn, Esq.<br>Law Office of Ira S. Kilburn<br>367 Woods Ln.<br>P. O. Box 356<br>Salt Lick, KY  40371<br><br>*Attorneys for Plaintiff* | Stephen E. Neal, Esq.<br>White Peck Carrington, LLP<br>P. O. Box 950<br>Mt. Sterling, KY  40353<br><br>*Attorneys for Plaintiff* |

on this the 4th day of September, 2009

HALL, BOOTH, SMITH & SLOVER, P.C.

By:    s/ Charles E. Moody
       Charles E. Moody
