IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| SKYMONT FARMS, DUSTY WANAMAKER, ANTHONY WANAMAKER and CATRENIA WANAMAKER | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| VS. | ) ) | No. 4:09-CV-77 JUDGE MATTICE |
| SUZANNE NORTH, individually; CINDY ANDERSON, individually; RICHARD MACKIE, individually; SUZANNE NORTH DBA SUMMITVILLE CROP INSURANCE AGENCY; CINDY ANDERSON DBA SUMMITVILLE CROP INSURANCE AGENCY; RICHARD MACKIE DBA SUMMITVILLE CROP INSURANCE AGENCY; and SUMMITVILLE CROP INSURANCE AGENCY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | MAGISTRATE JUDGE LEE JURY DEMAND |
| Defendants. | ) | |

## ANSWER BY DEFENDANT RICHARD MACKIE

### First Affirmative Defense

In approximately July 2004, Defendant Richard Mackie dissociated from the business

partnership that operated the Summitville Crop Insurance Agency. See T.C.A. § 61-1-601 (2002).

Therefore, Defendant Mackie was not a member of this partnership when the subject policy for the

2006 crop year was written for plaintiffs. Accordingly, plaintiffs' complaint fails to state a claim

upon which relief can be granted against this defendant.

Page -1-

## Second Affirmative Defense

Plaintiffs' claims for negligent misrepresentation are barred by T.C.A. § 28-3-105.

## Third Affirmative Defense

To the extent that plaintiff Dusty Wanamaker had no insurable interest in the subject property for which insurance was sought, the measure of damages, if any, awarded to plaintiffs should be limited to the amount paid as the insurance premium.

## Fourth Affirmative Defense

Plaintiffs' injuries/damages were not caused by any act or omission on the part of this defendant.

## Fifth Affirmative Defense

In accordance with Tennessee's comparative fault principles, fault should be apportioned to plaintiffs for their failure to comply with the requirements of the Federal Crop Insurance Act.

## Sixth Affirmative Defense

Under Tennessee's comparative fault principles, fault should be apportioned between all plaintiffs and defendants in this matter in accordance with their respective fault in this matter.

## Seventh Affirmative Defense

To the extent applicable to this defendant, this defendant adopts and incorporates by reference herein any affirmative defenses set forth by the other defendants.

## IN ANSWERING THE NUMBERED PARAGRAPHS OF THE COMPLAINT, DEFENDANT RICHARD MACKIE SAYS:

1-2. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and demands strict proof thereof.

3-4. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

5. This defendant admits that he is a resident of White County, Tennessee, with a residential address of 530 Glade Creek Road, Sparta, Tennessee. This defendant was not an insurance agent, owner, and/or operator of Summitville Crop Insurance Agency during the times applicable to the claims in this case. The remaining allegations in this paragraph are denied.

6. Since the allegations in this paragraph are not directed at this defendant, this defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. It is denied that this defendant sold an insurance policy to plaintiffs for the 2006 crop year. See this defendant's response to ¶5 and first affirmative defense. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8. It is denied that this defendant sold an insurance policy to plaintiffs for the 2006 crop year. See this defendant's response to ¶5 and first affirmative defense. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

9. The allegations in ¶9 are denied as phrased as alleged against this defendant.

10. This defendant is not aware of what knowledge defendants Suzanne North and Cindy Anderson had regarding the ownership of plaintiffs' various nursery and farm businesses or the alleged transition of ownership of Skymont Farms. This defendant denies that he was aware of

or involved in any legal transfer of ownership of Skymont Farms. The remaining allegations in this paragraph are denied as phrased.

11. The allegations in this paragraph are denied as alleged against this defendant. See this defendant's first affirmative defense.

12. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent that the allegations in this paragraph are directed at this defendant, same are denied.

13. It is denied that this defendant sold an insurance policy to plaintiffs for the 2006 crop year. See this defendant's response to ¶5 and first affirmative defense. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14. It is denied that this defendant sold an insurance policy to plaintiffs for the 2006 crop year. See this defendant's response to ¶5 and first affirmative defense. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Denied as alleged against this defendant.

17. Denied.

18. Denied.

19. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. However, this defendant denies that he is liable to plaintiffs for any alleged damages.

This defendant denies that he is liable to plaintiffs in the amount demanded, or in any amount, and demands a jury.

s/ Greg Callaway
**Greg Callaway, BPR# 18575**
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN  37201-1107
(615) 244-3370
Attorney for Defendant, Richard Mackie

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served via U.S. Mail postage prepaid upon Ira S. Kilburn, 367 Woods Lane, P.O. Box 356, Salt Lick, KY 40371 and Stephen E. Neal, 26 Broadway, P.O. Box 950, Mt. Sterling, KY 40353; and via ECF filing upon Charles E. Moody, Renaissance Tower, 611 Commerce Street, Suite 3000, Nashville, TN 37203 and James E. Looper, Jr., Renaissance Tower, 611 Commerce Street, Suite 3000, Nashville, TN 37203 on this 4th day of September, 2009.

s/ Greg Callaway

F:\GWC\Skymont Farms\Answer9-3-09.wpd

Page -5-